UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 21-cr-10076-WGY |
| | ) |
| MEHDI BELHASSAN | ) |
| | ) |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT EVIDENCE RE: INCIDENT AT CURRY COLLEGE**

The Defendant moves this Court to exclude evidence relating to a 2018 accusation that a security guard employed by the defendant's summer camp sexually assaulted a camp counselor. This evidence is wholly irrelevant to the issues for which the defendant has been charged, is highly prejudicial, and will only serve to inflame and confuse the jury. It should be excluded under Fed. R. Evid. 402, 403 and 404.

As way of background, the defendant ran summer camps for children in Massachusetts for over twenty years. From 2013 through 2018, he ran his camps at Curry College. In 2018, a security guard employed by the defendant's camp was accused by a camp counselor, also employed by the defendant's camp, of sexual assault. The camp counselor alleged that the sexual assault occurred during the evening in one of the Curry College dormitories where the campers and camp counselors resided during the camp. The camp security guard was criminally prosecuted, and the camp counselor subsequently sued Curry College and the defendant's business.

The defendant is charged with devising a scheme to defraud individuals by falsely

1

representing that he would operate a summer camp in 2019. He is alleged to have collected registration payments for the 2019 camp in furtherance of this scheme.

First, the sexual assault allegations are not relevant. They have nothing to do with these charges and no tendency to make the facts alleging wire fraud more or less probable. The evidence is not relevant and should be excluded. Fed. R. Evid. 401.[1]

Second, any mention of the alleged sexual assault will confuse and mislead the jury, and unfairly prejudice the defendant. *See* Fed. R. Evid. 403. Clearly sexual assault is a highly inflammatory topic, and here all the more so because the alleged assault took place at a children's camp. Introduction of this incident would invite speculation about how and why it happened. Any probative value, of which there is none, is clearly outweighed by prejudice to the defendant.

Finally, there is a real danger that the jury would be invited to consider that the defendant is guilty not because he committed wire fraud, but because he ran children's camps that were unsafe and permitted conditions that led to one of his staff being sexually assaulted. This type of propensity evidence is clearly prohibited. *See* Fed. R. Evid. 404.

---

[1] The government has given notice of a witness it intends to call at trial from Curry College. It is anticipated that the government will attempt to elicit from this witness that the reason the defendant's contract to run the summer camp at Curry College was not renewed in 2019 was due to the defendant's outstanding debt to the College (and not because of the sexual assault allegations).

                                                      Respectfully submitted,
                                                      MEHDI BELHASSAN
                                                      By his attorneys,

                                                      <u>/s/ Jennifer McKinnon</u>
                                                      Jennifer McKinnon, BBO No. 657758
                                                      Jeffrey Wiesner, BBO No. 655814
                                                      Wiesner McKinnon LLP
                                                      88 Broad St., Suite 503
                                                      Boston, MA 02110
                                                      (617) 303-3940
                                                      jmckinnon@jwjmlaw.com
                                                      jwiesner@jwjmlaw.com

Dated: October 2, 2023